UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

RICHARD DAVID MORROW,            )
                                 )
    Plaintiff,                   )    3: 09-cv-00549-LRH-VPC
                                 )
vs.                              )
                                 )    **ORDER**
CHAIRMAN CONNIE S. BISBEE, *et al.*, )
                                 )
    Defendants.                  )
_____/

Plaintiff, who is a prisoner in the custody of the Nevada Department of Corrections, filed this civil rights action pursuant to 42 U.S.C. § 1983 in the Sixth Judicial District Court on July 29, 2009. (Docket #1-1.) Defendants removed the action to this court on September 18, 2009. (Docket #1.)

**I.    Screening Pursuant to 28 U.S.C. § 1915A**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2). Pro se pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d. 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"), a federal court must dismiss a prisoner's claim, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d. 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id., see Papasan v. Allain*, 478 U.S. 265, 286 (1986).

All or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful

factual allegations (e.g., fantastic or delusional scenarios).  *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**II.     Screening of the Complaint**

Plaintiff sues several members of the Nevada Board of Parole Commissioners, including Chairman Connie S. Bisbee, Commissioner Mary K. Baker, Commissioner Adam Endel, Commissioner Susan Jackson, and Commissioner Michael Keeler.  He also names as a defendant the State of Nevada ex rel. Nevada Board of Parole.

The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state.  *Brooks v. Sulphur Springs Valley Elec. Co.*, 951 F.2d 1050, 1053 (9th Cir. 1991)(citation omitted); *see also Seminole Tribe of Fla. v. Florida*, 116 S.Ct. 1114, 1122 (1996); *Puerto Rico Aqueduct Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993); *Austin v. State Indus. Ins. Sys.*, 939 F.2d 676, 677 (9th Cir. 1991).  Nevada explicitly has retained its full eleventh amendment immunity.  Nev.Rev.Stat. 41.031(3).  Accordingly, the State of Nevada ex rel Nevada Board of Parole will be dismissed from this action with prejudice.

Parole members are entitled to absolute immunity when they perform "quasi-judicial" functions such as decisions to grant, deny or revoke parole.  *Swift v. California*, 384 F.3d 1184 (9th Cir. 2004).   Plaintiff's claims against defendants Bisbee, Baker, Endel, Jackson, and Keeler all concern their decision to deny him parole.   Accordingly, these defendants are entitled to absolute immunity from plaintiff's claims, and will be dismissed with prejudice.

**IT IS THEREFORE ORDERED** that defendant the State of Nevada ex rel Nevada Board of Parole is **DISMISSED** from this action with prejudice based on Eleventh Amendment immunity.

**IT IS FURTHER ORDERED** that defendants Bisbee, Baker, Endel, Jackson, and Keeler are **DISMISSED** from this action with prejudice based on absolute immunity for quasi-judicial functions.

///
///
///
///

1 **IT IS FURTHER ORDERED** that in light of the dismissal with prejudice of all the named defendants in this action, the entire action is **DISMISSED.** The clerk shall enter judgment accordingly.

DATED this 15th day of September, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE